IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RONALD DORITY**, | Case No. 3:12 CV 633 |
| Petitioner, | Judge James S. Gwin |
| v. | REPORT AND RECOMMENDATION |
| **JASON BUNTING, Warden**, | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This action is initiated by *pro se* Petitioner Ronald Dority, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Jason Bunting filed a Return of Writ (Doc. 7) along with a single indexed exhibit (Doc. 7-1). Respondent later supplemented the record with an additional exhibit (Doc. 8). Petitioner filed a Traverse to Return of Writ (Doc. 11), to which Respondent timely replied (Doc. 12). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons discussed below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, "the state court's factual findings are presumed correct unless rebutted by the habeas petitioner by clear and convincing evidence." *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); 28 U.S.C. § 2254(e)(1). "This presumption of correctness applies even to factual findings made by a state court of appeals based on the state trial record." *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001).

Petitioner asks the Court not to adhere to this presumption of correctness. (Doc. 1, at 6; Doc.

11, at 2, 7). However, he has failed to provide the Court with any evidentiary support, let alone clear and convincing evidence, sufficient to rebut the presumption of correctness. Hence, the Court will defer to the state court's findings of fact. Ohio's Sixth District Court of Appeals set forth the following facts:

> **{¶2}** The charges against appellant stemmed from an incident that occurred during the pendency of divorce proceedings instituted by appellant's wife, Beth. Appellant, who claimed that he had no job or place to live, discovered that Beth was dating a man that he considered to be a good friend. According to Dority, he decided to commit suicide but wanted to talk with his wife one last time. After consuming four or five beers, he went to the marital residence, entered the home, thereby violating a civil protection order, and found Beth lying in bed. In his statement made to the police, appellant admitted that he sat on top of his wife and tried to choke her. When she reached for her cell phone, appellant grabbed Beth and told her that they were "going for a ride."
>
> **{¶3}** As they were leaving, appellant took the chain from his chainsaw and wrapped it around his wife's arms and hands. Then, using the chain, he dragged her across the street and into the woods. Appellant then put Beth in his vehicle and "drove around until he needed gas." At some point, appellant called the couple's son, Anthony, and told him that he and Beth had just passed two of Anthony's friends. Anthony telephoned those friends, who then followed appellant to the gas station. When Dority stopped his vehicle at the gas station, the friends "jumped" appellant, and a fight ensued. The police were called. When the police officers arrived at the gas station, they found the loaded shotgun in appellant's vehicle. The officers arrested appellant. Beth was taken to the hospital by ambulance.

(Doc. 7-1, at 263-264).

## PROCEDURAL BACKGROUND

**State Trial Court**

The July 2008 session of the Erie County Grand Jury issued an indictment charging Petitioner with one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2), with an attached firearm specification, one count of a violation of temporary protection order in violation of Revised Code § 2919.27(A)(1)/(B)(4), with an attached firearm specification, one count of attempted murder in violation of Revised Code § 2923.02(A), one count of kidnapping in violation of Revised

Code § 2905.01(A)(3), with an attached firearm specification, one count of having a weapon while under disability in violation of Revised Code § 2923.13(A)(2), and one count of domestic violence in violation of Revised Code § 2919.25(A), with an attached firearm specification. (Doc. 7-1, at 4-6).

Additionally, the August 2008 term of the Erie County Grand Jury issued an indictment charging Petitioner with one count of aggravated burglary in violation of Revised Code § 2911.11(A)(1). (Doc. 7-1, at 8). The offenses were prosecuted in the Erie County Common Pleas Court Case No. 2008-CR-352, *State of Ohio v. Ronald J. Dority*. Petitioner, represented by legal counsel, entered a plea of not guilty. (Doc. 7-1, at 10).

Several months later and still represented by legal counsel, Petitioner withdrew his plea of not guilty and entered a guilty plea to one count of felonious assault, one count of violation of a temporary protection order, and one count of kidnapping. (Doc. 7-1, at 13-15). At that time, the attached firearm specifications and remaining charges were dismissed. (Doc. 7-1, at 14).

The trial court sentenced Petitioner to a prison term of four years for the felonious assault conviction, three years for the violation of a temporary protection order conviction, and five years for the kidnapping conviction. (Doc. 7-1, at 16-20). The sentences were ordered to be served "consecutively for a total of twelve (12) years". (Doc. 7-1, at 19).

**Direct Appeal - Sixth District Court of Appeals**

Petitioner, through counsel, filed a timely notice of appeal to the Sixth District Court of Appeals. (Doc. 7-1, at 21). However, his counsel subsequently filed a voluntary dismissal of that appeal on Petitioner's behalf, citing to recent case law that rendered his "proposed assignments of error moot." (Doc. 7-1, at 23). Accordingly, the appellate court dismissed that appeal. (Doc. 7-1, at 25).

**Delayed Application to Reopen Appeal Pursuant to Ohio App. R. 26(B)**

On March 5, 2010, Petitioner, *pro se*, filed a delayed application to reopen his appeal under Ohio Appellate Rule 26(B). (Doc. 7-1, at 27). In the application, Petitioner alleged his appellate counsel was ineffective by dismissing his appeal without his permission and failing to notify the Petitioner of the dismissal. *Id*. The State opposed Petitioner's motion, to which Petitioner replied. (Doc. 7-1, at 38, 40). Finding Petitioner's counsel had indeed failed to properly file an *Anders* (or "no-merits") brief, the appellate court granted Petitioner's motion to reopen his appeal and appointed him counsel. (Doc. 7-1, at 47).

On June 15, 2010, Petitioner's appointed counsel filed a motion to withdraw in an *Anders* brief, which the court of appeals granted. (Doc. 7-1, at 51). Then, on November 8, 2010, represented by new counsel, Petitioner filed a merits brief in the Sixth District Court of Appeals raising the following assignments of error:

1. The trial court erred in running defendant-appellant's sentence consecutive for the charge of kidnapping and the violation of the temporary protection order.

2. Defendant-Appellant was denied the effective assistance of counsel.

3. The trial court erred in failing to set forth the necessary facts in support of the consecutive sentence.

(Doc. 7-1, at 68). In response, the State filed a brief opposing Petitioner's assignments of error. (Doc. 7-1, at 78). On May 20, 2011, the appellate court issued a decision and judgment overruling each of Petitioner's assignments of error and affirming the judgment of the trial court. (Doc. 7-1, at 262-70).

**Ohio Supreme Court**

On July 5, 2011, Petitioner, through counsel, filed a timely notice of appeal in the Supreme

Court of Ohio. (Doc. 7-1, at 271). In his memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

> 1. Lower courts cannot rely upon facts outside the record when considering the Defendant's conduct when considering the doctrines of allied offenses of similar import and merger.
>
> 2. Since the commission of kidnapping necessarily involves the violation of a temporary protection order, they constitute allied offense of similar import and must be merged for purposes of sentencing if they involved the same animus.

(Doc.7-1, at 284). The State filed a memorandum opposing jurisdiction. (Doc. 7-1, at 305). On October 19, 2011, the Supreme Court of Ohio denied leave to appeal and also dismissed the appeal as not involving any substantial constitutional question. (Doc. 7-1, at 321).

## FEDERAL HABEAS CORPUS

On February 12, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254[1], which sets forth two grounds for relief:

> **GROUND ONE:** Reliance of facts outside the record in assessing applicability allied offense statutes offends due process and basic fairness resulting in a fundamental miscarriage of justice.
>
> **Supporting Facts:** as was held in: State v. Johnson, 128 Ohio St. 3d 185; State v Sutton, 2011-Ohio-2249; and, State v Wilson 2011-Ohio-2269, "if multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act,' committed with a single state of mind,'. If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." id. In the instant case however, the state court's violated due process by failing to merge the allied offenses to which the prejudice did systemically attach. The state court in turn compounded that 'plain error' by relying of facts outside the record in reaching its clearly erroneous determination denying the required merger. The record is clear that the kidnapping and violating of a protection order offenses are inherently allied and merger was

---

[1] There is no dispute on the facts related above that this Petition was timely filed under the applicable statutory standard. (Doc. 7, at 8).

5

required as a matter of law and fact therefore.

**GROUND TWO:** Where offenses are facially allied offenses of similar import, they must be merged for purposes of sentencing as a matter of law and fact.

**Supporting Facts:** the record is clear that petitioner was convicted of the offenses of: (1) kidnapping; (2) felonious assault; and, (3) violating a protective order. The facts of this case are equally clear that in order to have committed the offenses of 'kidnapping' petitioner necessarily would have to commit the offense of 'violating a protective order' whereas the protective order was 'threshold' to the requisite essential elements of the associated kidnapping offense. see: State v Logan (1979), 60 Ohio St. 2d 126; and, State v Botta (1971), 27 Ohio St. 2d 196, 201. see also: O.R.C. § 2941.25(B). Here, and while petitioner could have been convicted of both kidnapping and violating the protective order, the two convictions must have been merged for purposes of sentencing as a matter of law. The failure to do so offenses due process and renders the attempted sentence a mere nullity and void.

(Doc. 1, at 5, 7).

### APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING

In his Petition, Petitioner moved the Court to appoint counsel based on his indigent status. (Doc. 1, at 14).  Furthermore, Petitioner requested an evidentiary hearing "to ascertain facts to prove the truth of the allegations thereby establishing the right to relief."  (Doc. 1, at 14).  Petitioner did not further support either request.  (Doc. 1).

It is well settled that there is no constitutional right to the appointment of counsel in civil cases. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir.1987); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  The Criminal Justice Act authorizes federal magistrate judges to appoint counsel to a petitioner who brings a habeas petition.  18 U.S.C. § 3006A(a)(2)(B).  The decision of whether to appoint counsel lies within the discretion of the Court, and is appropriate only where "the interests of justice" or "due process so require[s]" and the person is financially eligible. *Id.*; *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  However, the appointment of counsel is mandatory where an evidentiary hearing is required.  *Gilbert v. Barnhart*, 2009 U.S. Dist. LEXIS 108054, at *2,

2009 WL 4018271 ( E.D. Mich.); Rule 8(c), Rules Governing 2254 Cases in Federal District Courts.

Absent the need for an evidentiary hearing, federal habeas courts will conclude the interest of justice supports the appointment of habeas counsel only if the case is difficult and: 1) the petitioner could not obtain justice without an attorney; 2) the petitioner could not obtain counsel on his own; and 3) the petitioner would have a reasonable chance of prevailing on his claims with the assistance of counsel.  *Mira*, 806 F.2d at 638; *Shepherd v. Ohio*, 2007 U.S. Dist. LEXIS 35109, 2007 WL 1431898, at *1 (N.D. Ohio) (citations omitted).

An evidentiary hearing is not warranted if, as here, it would be futile because the existing record is complete and no fact that could have been developed would result in the granting of the writ.  *Martin v. Hall*, 2012 U.S. Dist. LEXIS 22637, at *6, 2012 WL 601912 (N.D. Ohio). Specifically, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, limits evidentiary hearings to only the following instances:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
>> (A) the claim relies on-
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Having reviewed the Petition and Traverse, the Court finds no "new rule of constitutional

law" or facts "that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A) & (B). Moreover, as discussed below, Petitioner's claims are non-cognizable. For these reasons, the undersigned recommends denying an evidentiary hearing.

As for the appointment of counsel, without the need for an evidentiary hearing, there is no other basis to conclude the interest of justice supports the appointment of counsel in this case. *See, generally*, *Martin v. Hall*, *supra*. Petitioner's claims are neither novel or complex, and do not involve new or undiscovered facts. Moreover, Petitioner filed a coherent Petition, complete with legal support, and an extensive Traverse. (Docs. 1; 11). Accordingly, the undersigned recommends Petitioner's request for appointment of counsel also be denied.

## JURISDICTIONAL ISSUES

### Non-cognizable Claims

Before turning to the merits of Petitioner's claims, the Court must, as a threshold matter, determine whether it has jurisdiction over Petitioner's claims for purposes of habeas corpus review. AEDPA establishes two jurisdictional prerequisites for federal habeas corpus review of state convictions. 28 U.S.C. § 2254(a). First, the petitioner must be in custody. *Id*. Second, the petitioner must challenge the legality of custody on the ground it is, or was imposed, "in violation of the Constitution or laws or treaties of the United States." *Id*. Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("[a] claim based solely on an error of state law is not redressable through the federal habeas process.") (quoting *Estelle v. McGuire*, 502 U.S.62, 67–68 (1991)).

Nevertheless, habeas relief may be available if an alleged error of state law subjected the

petitioner to a "fundamentally unfair" criminal process. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). "[T]he category of infractions that violate fundamental fairness is defined very narrowly", and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1977) (citations omitted)); *see also Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993). The habeas petitioner bears the burden to show "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

Here, despite framing his grounds for relief with constitutional due process language, Petitioner has failed to properly present a federal constitutional claim. In his first ground for relief, Petitioner argues his due process rights were violated when the appellate court allegedly relied on facts outside the record. (Doc. 1, at 5). Although Petitioner attempts to cloak his claim in terms of due process rights, he supports his claim with Ohio sentencing law alone. (Doc. 1, at 5). In this regard, Petitioner's only reference to due process in the supporting facts of his first ground for relief is "the state court[] violated due process by failing to merge the allied offenses to which the prejudice did systemically attach." *Id*. Thus, the crux of Petitioner's claim lies in Ohio state sentencing laws and appellate procedure, not with federal constitutional rights. Without more, "a mere error of state law is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982).

Similarly, Petitioner's second ground for relief is non-cognizable. Here, Petitioner argues the trial court erred by merging his sentences for violation of temporary protection order and kidnapping. (Doc. 1, at 7). However, a federal habeas court cannot review a state's alleged failure to adhere to its own sentencing procedures. *Austin v. Jackson*, 213 F.3d 298, 300-02 (6th Cir. 2000). Because

9

Petitioner's claims arise solely under state sentencing laws, and are supported with only state law, they are not cognizable in federal habeas proceedings. *Smith v. Morgan*, 371 F. App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)) ("The writ of habeas corpus is not available to remedy errors of only state law."); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998).

To the extent Petitioner attempts to raise new claims in his Traverse, those claims are not properly before the Court. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (holding a district court does not err in declining to address habeas claims first raised in a traverse, rather than a petition). Lastly, because the Court will not reach the merits of the Petition, there is no need to set a briefing schedule, despite Petitioner's request. (Doc. 1, at 14).

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the court find Petitioner's first and second grounds for relief non-cognizable. Since there has been no demonstration Petitioner was subjected to a fundamentally unfair criminal process, the Petition should be denied and dismissed.

s/James R. Knepp, II

United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).