```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
RONALD DORITY,                                      :
                                                    :   CASE NO. 3:12-CV-00633
            Petitioner,                             :
                                                    :
vs.                                                 :   OPINION & ORDER
                                                    :   [Resolving Doc. No. 1, 13, 14]
JASON BUNTING, Warden                               :
                                                    :
            Respondent.                             :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge James R. Knepp II recommends that this Court dismiss Petitioner Brian Johnson's § 2254 petition because it does not allege violations of federal law.[1] For the following reasons, the Court **ADOPTS** the recommendations of Magistrate Judge Knepp and **DISMISSES WITH PREJUDICE** Johnson's petition.

## I. Factual and Procedural Background

The facts as found by the Ohio Court of Appeals are as follows[2]:

{¶2} The charges against appellant stemmed from an incident that occurred during the pendency of divorce proceedings instituted by appellant's wife, Beth. Appellant, who claimed that he had no job or place to live, discovered that Beth was dating a man that he considered to be a good friend. According to Dority, he decided to commit suicide but wanted to talk with his wife one last time. After consuming four or five beers, he went to the marital residence, entered the home, thereby violating a civil protection order, and found Beth lying in bed. In his statement made to the police, appellant admitted that he sat on top of his wife and tried to choke her. When she reached for her cell phone, appellant grabbed Beth and told her that they were

---

[1] Doc. 13.

[2] Although Petitioner "disputes the magistrate's assessment that the state court factfinding(s) were/are entitled to a presumption of correctness," Doc. 14 at 3, this Court is required to presume the factual findings of the state court of appeals correct unless the Petitioner provides clear and convincing evidence that they are not correct. 28 U.S.C. 2254(e)(1). Petitioner's argument that the factual findings are not correct center on his contention that his sentence violates state and federal law. *See* Docs. 1 at 7, 14 at 3. This does not make the facts surrounding his guilty plea to the underlying charge false, and even if it did, the Court finds that Petitioner's arguments fail. Therefore, the Court presumes the factual findings of the Ohio Court of Appeals are correct.

Case No. 3:12-CV-00633
Gwin, J.

> "going for a ride."
>
> {¶3} As they were leaving, appellant took the chain from his chainsaw and wrapped it around his wife's arms and hands. Then, using the chain, he dragged her across the street and into the woods. Appellant then put Beth in his vehicle and "drove around until he needed gas." At some point, appellant called the couple's son, Anthony, and told him that he and Beth had just passed two of Anthony's friends. Anthony telephoned those friends, who then followed appellant to the gas station. When Dority stopped his vehicle at the gas station, the friends "jumped" appellant, and a fight ensued. The police were called. When the police officers arrived at the gas station, they found the loaded shotgun in appellant's vehicle. The officers arrested appellant. Beth was taken to the hospital by ambulance.[3]

The incident occurred on June 16, 2008.[4]

On February 20, 2009, Petitioner pled guilty to one count of felonious assault, one count of violation of a temporary protection order, and one count of kidnapping.[5] On May 1, 2009, the trial court sentenced Petition to a term of four years for the assault, three years for the violation of the temporary protection order, and five years for the kidnapping; the court ordered the sentences be served consecutively, for a total of twelve years.[6]

Petitioner appealed his sentence, saying that (1) the trial court erred by running the sentences for kidnapping and violation of a temporary protection order consecutively; (2) he was denied effective assistance of counsel; and (3) the trial court erred by failing to set forth facts necessary to support consecutive sentences.[7] The Sixth District Court of Appeals overruled Petitioner's

---

[3] Doc. 7-1 at 263-64.
[4] *Id.* at 4.
[5] *Id.* at 13-15.
[6] *Id.* at 16-20.
[7] *Id.* at 68. Petitioner initially filed a notice of appeal but later withdrew the appeal without Petitioner's permission. *Id.* at 21, 23, 27. Petitioner moved under Ohio App. R. 26(B) to reopen his appeal. *Id.* at 27. However, after the Court of Appeals granted his motion, appointed counsel submitted an *Anders v. California*, 386 U.S. 738 (1967), brief requesting permission to withdraw. *Id.* at 47, 51. Petitioner filed his merits brief with new counsel. *Id.* at 68.

Case No. 3:12-CV-00633
Gwin, J.

assignments of error and affirmed his conviction and sentence.[8]

Petitioner sought review in the Supreme Court of Ohio, saying that (1) the lower courts relied on facts outside the record when considering whether to merge allied offenses and (2) the kidnapping and violation of a temporary protection order convictions should have been merged.[9] The Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[10]

On February 12, 2012, Petitioner timely filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[11] He asserts two grounds for relief: (1) "[r]eliance of facts outside the record in assessing applicability allied offense statutes offends due process and basic fairness resulting in a fundamental miscarriage of justice" and (2) "[w]here offenses are facially allied offenses of similar import, they must be merged for purposes of sentencing as a matter of law and fact."[12] He also requests an evidentiary hearing and appointment of counsel.[13] Respondent Jason Bunting filed a return of writ requesting the petition be dismissed.[14] Petitioner filed a timely traverse, and the Warden filed a timely reply.[15]

On September 18, 2013, Magistrate Judge Knepp issued a Report and Recommendation that the Court dismiss the petition because neither of Petitioner's grounds for relief properly presents a

---

[8]/*Id.* at 262-70.
[9]/*Id.* at 271, 284.
[10]/*Id.* at 321.
[11]/Doc. 1.
[12]/*Id.* at 5, 7.
[13]/*Id.* at 14.
[14]/Doc. 7.
[15]/Docs. 11, 12.

-3-

Case No. 3:12-CV-00633
Gwin, J.

federal claim.[16] Petitioner filed a timely objection, saying that he does bring federal constitutional claims.[17]

## II. Legal Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of [a Report and Recommendation] to which objection is made."[18] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus. A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[19]

With this in mind, the Court now turns to Dority's petition.

## III. Analysis

In support of his grounds for relief, Petitioner cites only Ohio state law as the basis for granting the writ.[20] Therefore, Magistrate Judge Knepp recommends that the petition be dismissed because "the crux of Petitioner's claim[s] lies in Ohio state sentencing laws and appellate procedure, not with federal constitutional rights. Without more, 'a mere error of state law is not a denial of due

---

[16] Doc. 13. The Magistrate Judge also recommends against appointing counsel and holding an evidentiary hearing. *Id.* at 8.

[17] Doc. 14. Although Petitioner's objection was docketed on October 18, 2013, he certifies that he placed the objection in the prison mail on September 29, 2013, which is within the 14 days Petitioner has to object. *See* Local R. 72.3.

[18] 28 U.S.C. § 636(b)(1)(C).

[19] 28 U.S.C. § 2254(d).

[20] Doc. 1 at 5, 7.

-4-

Case No. 3:12-CV-00633
Gwin, J.

process.'"[21]

Petitioner objects to the recommendation; he says that his claims are based on federal due process and double jeopardy rights and quotes from an Ohio case describing the requirements of the Double Jeopardy Clause.[22]

However, Petitioner still contends that his sentence does not comport with Ohio state court decisions and statutes. "[F]ederal habeas corpus relief does not lie for errors of state law . . . ."[23] In habeas proceedings, it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," rather a federal court must only determine "whether a conviction violated the Constitution, laws, or treaties of the United States."[24]

The only mention of federal law in Petitioner's filings refers to the need for an evidentiary hearing or appears in cryptic and unexplained passages.[25] The fact that the Ohio cases and statutes Petitioner says were violated may be similar to or may discuss the Double Jeopardy Clause does not translate his claims into ones for a federal rights violation cognizable in habeas. A ruling in Petitioner's favor would be to inform Ohio courts that they had misapplied Ohio cases interpreting

---

[21] Doc. 13 at 9 (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)).

[22] *See* Doc. 14 at 3 (quoting *State v. Rogers*, 994 N.E.2d 499 (Ohio Ct. App. 2013)).

[23] *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

[24] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[25] *See* Docs. 11 at 9 (citing *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003) (holding that not informing a defendant of his right to appeal violates due process)), 10 (citing *Norris v. Risley*, 878 F.2d 1178 (9th Cir. 1989) (a pre-AEDPA case requiring an evidentiary hearing for a habeas petition) and *California v. Ramos*, 463 U.S. 992, 1014 (1983) (stating that states may give greater protection to criminal defendants than the U.S. Constitution provides)), 11 (citing *Flanders v. Coleman*, 250 U.S. 223 (1919) and *Aerosonis Corp. v. Trodyne Corp.*, 402 F.2d 223 (5th Cir. 1968) for when federal question jurisdiction exists), & 13 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)), 14 at 8 (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (describing the purpose of the Double Jeopardy Clause as to prevent multiple punishments for the same offense), *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (same), and *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (same)). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

Case No. 3:12-CV-00633
Gwin, J.

an Ohio statute. This states no federal claim. Whether Ohio courts violated their own law is an issue of state law beyond the jurisdiction of this Court.

To the extent that rote recitations of due process and double jeopardy do constitute sufficient federal claims, Petitioner did not present those claims to the Ohio courts. In his direct appeal to the Sixth District Court of Appeals and the Supreme Court of Ohio, Petitioner did not mention due process or double jeopardy.[26] Rather, Petitioner argued only that Ohio law required that his sentence be vacated. A § 2254 petitioner must "fairly present to the state courts either the substance or substantial equivalent of the federal claim that he is presenting to the federal habeas court."[27] Presenting merely the factual predicate that might underlie a federal claim is not enough.[28] Therefore, the Court may not consider these broader claims.

The only claims arguably encompassed within the petition that were presented to the Ohio state courts are claims based solely on misapplication of Ohio law. This Court does not have jurisdiction to consider those. In his traverse and objection, Petitioner attempts to add additional claims.[29] The Court does not consider new claims not raised in the petition.[30] The Court also finds that no evidentiary hearing is permitted under AEDPA nor is warranted, and that the interests of justice do not support appointment of counsel.[31]

---

[26] *See* Doc. 7-1 at 71-75 & 76 (merits brief to Court of Appeals), 289-93 (jurisdictional brief to Supreme Court). Petitioner made one argument before the Court of Appeals based on federal law: that a United States Supreme Court decision restored the constitutionality of an Ohio statute. *Id.* at 76. That argument was not renewed before the Supreme Court of Ohio.
[27] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004).
[28] *Id.* at 554.
[29] *See* Docs. 11 at 3 (attempting to have his conviction, not just his sentence, vacated), 14 at 6 (raising an ineffective assistance of counsel claim).
[30] *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).
[31] *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254(e)(2).

Case No. 3:12-CV-00633
Gwin, J.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of Magistrate Judge Knepp and **DISMISSES WITH PREJUDICE** the petition. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[32]

IT IS SO ORDERED

Dated: October 28, 2013            s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[32] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).